# CITY OF PHILADELPHIA
# FAIR HOUSING COMMISSION

## EMERGENCY HOUSING PROTECTION ACT
## COVID-19 FINANCIAL HARDSHIP CERTIFICATION

Dear Landlord/Property Manager,

### PART I

I, or a member of my household, have experienced a loss of income or increase in expenses between March 1, 2020 and August 31, 2020 due to the COVID-19 pandemic because (check all that apply):

- ☐ I, or a member of my household, was diagnosed with COVID-19 or had to self-quarantine due to potential exposure to COVID-19.
- ☐ I, or a member of my household, cannot work or have had to self-quarantine because I/we have a greater risk of harm if COVID-19 is contracted due to a compromised immune system, age, or due to the specific recommendation of a health care professional, the CDC, the Governor of Pennsylvania, the Secretary of Health of Pennsylvania, the Mayor of Philadelphia, or the Health Commissioner of Philadelphia.
- ☐ I, or a member of my household, had to care for a family member due to a diagnosis of COVID-19 or a need to self-quarantine.
- ☐ I, or a member of my household, had to care for a family member due to school, childcare or elder care closure during the pandemic.
- ☐ I, or a member of my household, lost a job or my worksite was temporarily closed.
- ☐ I, or a member of my household, had reduced hours or wages at work.
- ☐ I, or a member of my household was not employed before May 1, 2020 and was not able to find new employment during this time.
- ☐ I, or a member of my household, had to financially support a family member due to one of the above reasons.

I am notifying you of this COVID-related financial loss to exercise my rights under Section 9-809 of The Philadelphia Code "COVID-19 Emergency Housing Protections" and ask that you (check all that are applicable):

- ☐ Waive late fees and interest for March 1, 2020 through May 31, 2021.
- ☐ Engage in mediation prior to beginning eviction proceedings.
- ☐ Enter into a repayment agreement for any back rent owed from March 1, 2020 through August 31, 2020. [*NOTE*: Tenant Must Fill Out Part II of This Form if Checked]

I hereby certify that the statements above, and below – if applicable, are true and correct to the best of my knowledge and belief.

Debtor's Exhibit 101

I understand that if I knowingly make any false statement herein, I am subject to such penalties as may be prescribed by statute or ordinance.

I look forward to working with you to stabilize my housing.

Sincerely,

Tenant Signature: _____

Tenant Name: _____

Date: _____

Address: _____

Phone #: _____ Email: _____

## PART II – ADDITIONAL FACTS AND DOCUMENTATION

*REQUIRED FOR TENANTS SEEKING A REPAYMENT AGREEMENT OPTIONAL FOR ALL OTHER TENANTS*

Evidence of the loss of income or increase in expenses that I, or a member of my household experienced between March 1, 2020 and August 31, 2020 due to the COVID-19 pandemic is (provide proof of the loss of income or increase in expenses you indicated in Part I):

☐ See attached documents.

☐ Unavailable for the following reason(s):

_____

_____

IN THE PHILADELPHIA MUNICIPAL COURT

Windsor Estates Apts LP
6930 N. Broad Street
Suite D2
Philadelphia, PA 19126

    v.    :  LT-

Diamond Brown
7033 N. 15th Street #4B2
Philadelphia, PA 19126

To the Landlord or Authorized Agent: Please see Supplemental Instructions for information about the CARES Act and definitions of terms used in this affidavit.

### AFFIDAVIT OF COMPLIANCE WITH THE CARES ACT

In order to support my assertion that this filing complies with the federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136, enacted March 27, 2020 ("CARES Act"), I affirm that:

  x 1. Neither I, the property, nor any tenant of the property participates in or receives subsidies or benefits under any of covered housing programs or rural housing voucher programs listed:

- Public Housing (42 U.S.C. § 1437d)
- Section 8 Housing Choice Voucher (42 U.S.C. § 1437f)
- Section 8 Project-based Housing (42 U.S.C. § 1437f)
- Section 202 Housing for the Elderly (12 U.S.C. § 1701q)
- Section 811 Housing for Persons with Disabilities (42 U.S.C. § 8013)
- Housing Opportunities for Persons with AIDS (HOPWA) (42 U.S.C. §§ 12901 et seq.)
- Continuum of Care or other Section 515 Rural Rental Housing McKinney-Vento Act Homelessness Programs (42 U.S.C. §§ 11360 et seq.)
- Section 515 Rural Rental Housing (42 U.S.C. § 1485)
- Sections 514 and 516 Farm Labor Housing (42 U.S.C. §§ 1484, 1486)

Page 1 of 4

Debtor's Exhibit
102

- Section 236 Multifamily Housing (12 U.S.C. § 1715z-1)
- Below Market Interest Rate (BMIR) Housing (12 U.S.C. § 1715l(d))
- HOME (42 U.S.C. §§ 12741 et seq.)
- Section 533 Housing Preservation Grants (42 U.S.C. § 1490m)
- Section 538 Multifamily Rental Housing (42 U.S.C. § 1490p-2)
- Low-Income Housing Tax Credit (LIHTC) (26 U.S.C. § 42)
- Rural Housing Voucher Program (42 U.S.C. § 1490r)

☐ 2. The property is not subject to a federally backed mortgage loan or a federally backed multifamily mortgage loan. Examples of a federally backed mortgage loan or federally backed multifamily mortgage loan include mortgage loans guaranteed by the Federal Housing Administration, HUD, the Department of Veterans Affairs, or the USDA, and those that were purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

☐ 3. I have confirmed that there is no unsatisfied mortgage on the property that was purchased or securitized by the Federal Home Loan Mortgage Corporation ("Freddie Mac") or the Federal National Mortgage Association ("Fannie Mae") by checking the property via the mortgage lookup tool for Freddie Mac (www.FreddieMac.com/mymortgage) and Fannie Mae (www.KnowYourOptions.com/loanlookup).

**For Landlords with Federally Backed Multifamily Loans After August 24, 2020**

x 4. If the property is the subject of a federally backed multifamily mortgage loan, there is no mortgage on the property that is currently in forbearance status, and there is no pending application for mortgage forbearance. See CARES Act, § 4023(d).

☐ 5. If the property is the subject of a federally backed multifamily mortgage loan that was in forbearance status under the CARES Act that has now expired, I have provided the required notice to vacate to the tenant. See CARES Act, § 4023(d).

I, Cory M. Baritz, Esq. verify that the facts set forth in this affidavit are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 related to unsworn falsification to authorities.

_11/17//20_  /S/Cory M.Baritz
Signature of Landlord or Authorized Agent

### AFFIDAVIT OF COMPLIANCE WITH THE CARES ACT
### Supplemental Instructions

The federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 ("CARES Act") was enacted on March 27, 2020. Among other things, the CARES Act provides a temporary moratorium related to certain eviction actions. During the 120-day period following enactment, *i.e.*, through July 25, 2020, a landlord may not "make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges." CARES Act, § 4024(b)(1). The moratorium also applies to the charging of "fees, penalties, or other charges to the tenant related to such nonpayment of rent." CARES Act, § 4024(b)(2).

On July 16, 2020, the Supreme Court of Pennsylvania ordered that every action by a landlord against a tenant for the recovery of possession of real property filed in a magisterial district court or the Philadelphia Municipal Court shall be accompanied by an Affidavit of Compliance with the federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 as available on the website of the Administrative Office of Pennsylvania Courts at http://www.pacourts.us/forms/for-the-public (for actions in magisterial district courts) or on the website of the Philadelphia Municipal Court at https://www.courts.phila.gov/municipal/civil/, respectively. The requirement is in effect through August 24, 2020 to ensure that a landlord has given the proper notice to vacate required by section 4024(c) of the CARES Act.

Landlords who are federally backed multifamily mortgage loan borrowers must continue to use the affidavit through the earlier of 60 days after the termination of the

Page 3 of 4



Debtor's Exhibit
103

national emergency on COVID-19 as declared by the President or March 1, 2021. This requirement ensures that the landlord is compliant with the renter protections during a forbearance period afforded by section 4023(d) of the CARES Act, as well as the notice to vacate requirement of section 4023(e) of the CARES Act.

In addition to filing the affidavit with the complaint, a landlord shall demonstrate compliance with the CARES Act by presenting testimony and evidence including, but not limited to, the affidavit filed by the landlord at the inception of the case at the time of the hearing for the recovery of possession of real property. A tenant may present testimony and evidence that the landlord is not in compliance with the CARES Act.

Terms used in the affidavit have the following meanings:

"Covered dwelling" means a dwelling that is occupied by a tenant pursuant to a residential lease or without a lease or with a lease terminable under State law, and is on or in a covered property. CARES Act, § 4024(a)(1).

"Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association. CARES Act, § 4024(a)(4).

"Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association. CARES Act, §§ 4023(f)(2)(3), 4024(a)(5).