

PHILADELPHIA MUNICIPAL COURT
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

NOTICE OF SUPREME COURT'S JULY 17, 2020 CARES ACT ORDER

On July 17, 2020, the Supreme Court entered an Order requiring "that every action by a landlord against a tenant for the recovery of possession of real property filed on or after March 27, 2020 through August 24, 2020 shall be accompanied by an Affidavit of Compliance with the federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 ('CARES Act')." A copy of the Supreme Court's Order and a blank Affidavit is attached to this Notice.

You are receiving this Notice because you filed an action in the Philadelphia Municipal Court seeking recovery of possession of a leased property without the required Affidavit. Please make sure that you complete the attached Affidavit. The Affidavit should be returned to the court by mailing it to the following address: Court Administration, Suite 1020, Philadelphia Municipal Court, 1339 Chestnut Street, Philadelphia, PA 19107. If you have any questions, please call the First Filing Unit at 215-686-2901.

BY THE COURT:

/s/ Bradley K. Moss
BRADLEY K. MOSS, S.J.

IN THE PHILADELPHIA MUNICIPAL COURT

v.  : LT-

To the Landlord or Authorized Agent: Please see Supplemental Instructions for information about the CARES Act and definitions of terms used in this affidavit.

### AFFIDAVIT OF COMPLIANCE WITH THE CARES ACT

In order to support my assertion that this filing complies with the federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136, enacted March 27, 2020 ("CARES Act"), I affirm that:

☐ 1. Neither I, the property, nor any tenant of the property participates in or receives subsidies or benefits under any of covered housing programs or rural housing voucher programs listed:

- Public Housing (42 U.S.C. § 1437d)
- Section 8 Housing Choice Voucher (42 U.S.C. § 1437f)
- Section 8 Project-based Housing (42 U.S.C. § 1437f)
- Section 202 Housing for the Elderly (12 U.S.C. § 1701q)
- Section 811 Housing for Persons with Disabilities (42 U.S.C. § 8013)
- Section 236 Multifamily Housing (12 U.S.C. § 1715z-1)
- Below Market Interest Rate (BMIR) Housing (12 U.S.C. § 1715l(d))
- HOME (42 U.S.C. §§ 12741 et seq.)
- Housing Opportunities for Persons with AIDS (HOPWA) (42 U.S.C. §§ 12901 et seq.)
- Continuum of Care or other Section 515 Rural Rental Housing McKinney-Vento Act Homelessness Programs (42 U.S.C. §§ 11360 et seq.)
- Section 515 Rural Rental Housing (42 U.S.C. § 1485)
- Sections 514 and 516 Farm Labor Housing (42 U.S.C. §§ 1484, 1486)
- Section 533 Housing Preservation Grants (42 U.S.C. § 1490m)
- Section 538 Multifamily Rental Housing (42 U.S.C. § 1490p-2)
- Low-Income Housing Tax Credit (LIHTC) (26 U.S.C. § 42)
- Rural Housing Voucher Program (42 U.S.C. § 1490r)

☐ 2. The property is not subject to a federally backed mortgage loan or a federally backed multifamily mortgage loan. Examples of a federally backed mortgage loan or

Page 1 of 4

federally backed multifamily mortgage loan include mortgage loans guaranteed by the Federal Housing Administration, HUD, the Department of Veterans Affairs, or the USDA, and those that were purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

☐ 3.  I have confirmed that there is no unsatisfied mortgage on the property that was purchased or securitized by the Federal Home Loan Mortgage Corporation ("Freddie Mac") or the Federal National Mortgage Association ("Fannie Mae") by checking the property via the mortgage lookup tool for Freddie Mac (www.FreddieMac.com/mymortgage) and Fannie Mae (www.KnowYourOptions.com/loanlookup).

**For Landlords with Federally Backed Multifamily Loans After August 24, 2020**

☐ 4.  If the property is the subject of a federally backed multifamily mortgage loan, there is no mortgage on the property that is currently in forbearance status, and there is no pending application for mortgage forbearance. *See* CARES Act, § 4023(d).

☐ 5.  If the property is the subject of a federally backed multifamily mortgage loan that was in forbearance status under the CARES Act that has now expired, I have provided the required notice to vacate to the tenant. *See* CARES Act, § 4023(d).

I, _____, verify that the facts set forth in this affidavit are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 related to unsworn falsification to authorities.

_____          _____
Date                         Signature of Landlord or Authorized Agent

## AFFIDAVIT OF COMPLIANCE WITH THE CARES ACT
### Supplemental Instructions

The federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 ("CARES Act") was enacted on March 27, 2020. Among other things, the CARES Act provides a temporary moratorium related to certain eviction actions. During the 120-day period following enactment, *i.e.*, through July 25, 2020, a landlord may not "make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges." CARES Act, § 4024(b)(1). The moratorium also applies to the charging of "fees, penalties, or other charges to the tenant related to such nonpayment of rent." CARES Act, § 4024(b)(2).

On July 16, 2020, the Supreme Court of Pennsylvania ordered that every action by a landlord against a tenant for the recovery of possession of real property filed in a magisterial district court or the Philadelphia Municipal Court shall be accompanied by an Affidavit of Compliance with the federal Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 as available on the website of the Administrative Office of Pennsylvania Courts at http://www.pacourts.us/forms/for-the-public (for actions in magisterial district courts) or on the website of the Philadelphia Municipal Court at https://www.courts.phila.gov/municipal/civil/, respectively. The requirement is in effect through August 24, 2020 to ensure that a landlord has given the proper notice to vacate required by section 4024(c) of the CARES Act.

Landlords who are federally backed multifamily mortgage loan borrowers must continue to use the affidavit through the earlier of 60 days after the termination of the national emergency on COVID-19 as declared by the President or March 1, 2021. This requirement ensures that the landlord is compliant with the renter protections during a forbearance period afforded by section 4023(d) of the CARES Act, as well as the notice to vacate requirement of section 4023(e) of the CARES Act.

In addition to filing the affidavit with the complaint, a landlord shall demonstrate compliance with the CARES Act by presenting testimony and evidence including, but not limited to, the affidavit filed by the landlord at the inception of the case at the time of the hearing for the recovery of possession of real property. A tenant may present testimony and evidence that the landlord is not in compliance with the CARES Act.

Terms used in the affidavit have the following meanings:

"Covered dwelling" means a dwelling that is occupied by a tenant pursuant to a residential lease or without a lease or with a lease terminable under State law, and is on or in a covered property. CARES Act, § 4024(a)(1).

"Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for

the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association. CARES Act, § 4024(a)(4).

"Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association. CARES Act, §§ 4023(f)(2)(3), 4024(a)(5).



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge        John J. Joyce, Deputy Court Administrator

## LANDLORD AND TENANT COMPLAINT

Date Filed: 03/10/2020                     # LT-20-03-10-4143

### Complaint Continuation

| Monica P Brown<br>1800 JFK BLVD Suite 300<br>Philadelphia, PA 19103<br>*Plaintiff(s)* | Ebonie Croxton<br>6545 N. Bouvier Street<br>Philadelphia, PA 19126<br>*Defendant(s)* |
|---|---|

I. Plaintiff states that he/she/it owns the real property located at the following address: 6545 N. Bouvier Street, Philadelphia, PA 19126. Plaintiff further states that there is a lease between him/her/it and the above-referenced defendant(s). The lease is written, attached and began on 07/21/2019 for the term of a year or more. Additionally, plaintiff states that the lease is residential.

II. Plaintiff states that he/she/it is in compliance with Section 9-3902 of the Philadelphia Code by having a valid Rental License at the time of filing this complaint.
   * The Effective Date of the license is 07/23/2019 and its Expiration Date is 04/30/2020

   Plaintiff states that he/she/it had or has a Rental License for each month for which he/she/it is seeking unpaid rent in paragraph XI and that a copy of each applicable Rental License is attached.
   * License - Effective Date 07/23/2019 Expiration Date 04/30/2020

III. Plaintiff states that he/she/it is in compliance with Section 9-3903 of the Philadelphia Code as a result of having provided the tenant with a Certificate of Rental Suitability and a copy of the City of Philadelphia Partners for Good Housing Handbook prior to the first month for which he/she/it is seeking unpaid rent in paragraph XI and the Certificate of Rental Suitability that was provided was issued by the Department no more than sixty days prior to the inception of the tenancy. A copy of any Certificate of Rental Suitability provided to the tenant is attached.
   * Certificate - Date Issued by Department 07/05/2019
   * Certificate - Date Issued by Department 02/14/2020

# PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge          John J. Joyce, Deputy Court Administrator

## LANDLORD AND TENANT COMPLAINT

Date Filed: 03/10/2020                    # LT-20-03-10-4143

### Complaint Continuation

IV. Plaintiff states that the leased property:

    A. was built in or after March of 1978.

    B. is not a residential property developed by or for an educational institution for the exclusive use and occupancy by that institution's students.

    C. is not owned or subsidized by the Philadelphia Housing Authority or its subsidiaries, or privately owned and leased under the Housing Choice Voucher Program; and

    D. has not had and will not have a child aged six or younger.

    E. The lease is effective from December 21, 2012 to the present.

V. I have not provided the defendant with a valid certification prepared by a certified lead inspector stating that the property is either lead free or lead safe.

VI. Plaintiff states that the subject premises is fit for its intended purpose.

Plaintiff states that he/she/it is unaware of any open notice issued by the Department of Licenses and Inspections ("Department") alleging that the property at issue is in violation of one or more provisions of the Philadelphia Code.

VII. Plaintiff states that notice to vacate the subject premises by 02/06/2020 was given to the defendant on 01/27/2020. A copy of the notice is attached.

VIII. The defendant is in possession of the property and refuses to surrender possession of the property.

IX. Plaintiff demands a judgment of possession and a money judgment in the amount itemized below based on the following:



# PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge         John J. Joyce, Deputy Court Administrator

## LANDLORD AND TENANT COMPLAINT

Date Filed: 03/10/2020                # LT-20-03-10-4143

### Complaint Continuation

\* Nonpayment of amounts due under the lease, for 5 months, **from:** November, 2019 **to and including:** March, 2020

| The amount of unpaid rent below and late fees alleged due. | | | | Summarized alleged amounts due: | |
|---|---|---|---|---|---|
| Month | Year | Rent | Late Fee | Rent | $4,555.00 |
| Nov | 2019 | $ 155.00 | 7.75 | Late Fees | $227.50 |
| Dec | 2019 | $1100.00 | 55.00 | Gas | $0.00 |
| Jan | 2020 | $1100.00 | 55.00 | Electric | $0.00 |
| Feb | 2020 | $1100.00 | 55.00 | Water / Sewer | $232.01 |
| March | 2020 | $1100.00 | 55.00 | Attorney's Fees | $0.00 |
| | | | | Other | $0.00 |
| | | | | **Subtotal** | $5,014.51 |
| | | | | Court Costs | $121.75 |
| | | | | **Total** | $5,136.26 |

ONGOING RENT IN THE AMOUNT OF $1,100.00 FROM THE DATE OF THE FILING OF THIS COMPLAINT TO THE DATE OF THE HEARING ON THE MERITS IN THIS MATTER.

\* Other as specified: Failure to Pay Rent

| Filing Party: Joshua P. Rubinsky Esq. Brodie and Rubinsky PC 121 S. Broad Street Suite 1720 Philadelphia PA 19107 215-925-1470 Rubinsky@BrodieRubinsky.com Attorney ID 46496<br>121 S BROAD STREET, SUITE 1720, PHILADELPHIA, PA 19107 | | **Phone Number:**<br>215-925-1470 |
|---|---|---|
| I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this landlord tenant action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. &sect; 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.<br><br>JOSHUA P RUBINSKY<br>_____<br>Signature Plantiff/Attorney | **SUMMONS TO THE DEFENDANT:**<br>You are hereby ordered to appear at a hearing scheduled as follows: | **CITATION:** Al demandado por la presente, usted esta dirijido a presentarse a la siguiente: |
| | **LOCATION (SITO):**<br>1339 Chestnut Street 6th Floor<br>Philadelphia, PA 19107<br>Hearing Room: 3 | **DATE (FECHA):**<br>April 1st, 2020<br><br>**TIME (HORA):**<br>12:45 PM |
| **NOTICE TO THE DEFENDANT: YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICE.** | **NOTA IMPORTANTE PARA EL ACUSADO: USTED HA SIDO DEMANDO EN CORTE: POR FAVOR MIRA PAPELE ESCRITA.** | |